UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBIN HINKLE,
o.b.o. R.H.., a Minor,

        Plaintiff,                           Hon. Ellen S. Carmody

v.                                     Case No. 1:15 CV 370

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## OPINION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C.

§ 405(g), to review the final decision of the Commissioner of Social Security that Plaintiff's son is

not entitled to Supplemental Security Income under Title XVI of the Social Security Act.  On June

24, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order

of final judgment.  (ECF No. 10).

        Section 405(g) limits the Court to a review of the administrative record, and provides

that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.  The

Commissioner has found that R.H. is not disabled within the meaning of the Act.  For the reasons

articulated herein, the Commissioner's decision is **vacated and this matter remanded for further**

**factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making his decision, and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and the Commissioner's findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). The

2

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff's son, R.H., was born on March 21, 2003. (PageID.150). On August 14, 2012, Plaintiff submitted an application for disability benefits, asserting that R.H. has been disabled since December 11, 2011, due to depression, attention deficit hyperactivity disorder (ADHD), asthma, anxiety, attention deficit disorder (ADD), and anger. (PageID.150-58, 187). This application was denied, after which time Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (PageID.94-148). On September 5, 2013, ALJ Douglas Johnson conducted an administrative hearing at which Plaintiff and R.H. testified. (PageID.68-92). In a written decision dated November 26, 2013, the ALJ determined that R.H. was not entitled to disability benefits. (PageID.53-63). The Appeals Council declined to review this determination, rendering it the Commissioner's final decision in the matter. (PageID.35-40). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g).

## ANALYSIS OF THE ALJ'S DECISION

Federal law provides that an "individual under the age of 18" will be considered disabled if he "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(i). To determine whether a child

satisfies this standard, the Commissioner must evaluate the claim pursuant to a three-step sequential process.  20 C.F.R. § 416.924.

In the first step, if the ALJ determines that the child is engaged in substantial gainful activity she cannot be found to be disabled.  20 C.F.R. § 416.924(b); *Elam v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003).  If the child is not engaged in substantial gainful activity the analysis proceeds to step two, at which point the ALJ must determine whether the child has a severe impairment or combination of impairments.  20 C.F.R. § 416.924(c); *Elam*, 348 F.3d at 125.  If the ALJ determines that the child suffers from a severe impairment, or combination of impairments, the analysis proceeds to step three, at which point the ALJ must determine whether the impairment(s) "meet, medically equal, or functionally equal" one of the impairments identified in the Listing of Impairments.  20 C.F.R. § 416.924(d); *Elam*, 348 F.3d at 125.

After noting that R.H. was not engaged in substantial gainful activity, the ALJ proceeded to the second step of the analysis, finding that R.H. suffered from the following severe impairments: (1) attention deficit hyperactivity disorder (ADHD); (2) depressive disorder; (3) headaches; and (4) asthma.  (PageID.56).  At the third step of the analysis, the ALJ concluded that R.H.'s impairments do not, individually or in combination, meet or medically equal any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (PageID.56).  The ALJ further determined that R.H.'s impairments do not functionally equal in severity any impairment identified in the Listing of Impairments.  (PageID.57-63).

To determine whether a child claimant suffers from an impairment which is the functional equivalent of a listed impairment, the ALJ must evaluate how the child functions in each of six domains of functioning described as "broad areas of functioning intended to capture all of

4

what a child can or cannot do." 20 C.F.R. § 416.926a(a)-(b).  To be considered disabled the child's

impairments must result in "marked" limitations in two domains of functioning or an "extreme"

limitation in one domain.  20 C.F.R. § 416.926a(a).  The six domains of functioning are:

> (i)     acquiring and using information,
> (ii)    attending and completing tasks,
> (iii)   interacting and relating with others,
> (iv)    moving about and manipulating objects,
> (v)     caring for yourself, and
> (vi)    health and physical well-being.

20 C.F.R. § 416.926a(b)(1).

The ALJ found that R.H. experienced less than marked limitation in the domains of

attending and completing tasks and interacting and relating with others, and no limitation in the

other four domains.  (PageID.57-63).  Accordingly, the ALJ determined that R.H. was not disabled

as defined by the Social Security Act.


**I.          The ALJ's Assessment of Plaintiff's Functioning**

As noted above, to determine whether a child claimant suffers from an impairment

which is the functional equivalent of a listed impairment, the ALJ must assess the child's

functioning in the aforementioned domains of functioning.  The regulations articulate "age group

descriptors" which attempt to identify the skills and proficiencies which children should attain by

certain ages.  The ALJ assessed R.H.'s claim pursuant to the "school-age" age group -  age 6 to

attainment of age 12.

5

To be considered disabled, the child's impairments must result in "marked" limitations[1] in two domains of functioning or an "extreme" limitation[2] in one domain. 20 C.F.R. § 416.926a(a). The ALJ found that R.H. experienced less than marked limitation in the domains of attending and completing tasks and interacting and relating with others, and no limitation in the other four domains. Plaintiff argues that the ALJ erred by failing to find that R.H. suffered from marked limitations in the following domains: (1) attending and completing tasks; (2) interacting and relating with others; and (3) caring for himself.

### A.    Caring for Yourself

The domain of caring for yourself considers "how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area." 20 C.F.R. § 416.926a(k). Regarding this domain, the regulations provide as follows:

> (iv) School-age children (age 6 to attainment of age 12). You should be independent in most day-to-day activities (e.g., dressing yourself, bathing yourself), although you may still need to be reminded sometimes to do these routinely. You should begin to recognize that you are competent in doing some activities and that you have difficulty with others. You should be able to identify those circumstances when you feel good about yourself and when you feel bad. You should begin to develop understanding of what is right and

---

[1] A "marked" limitation is defined as one which "interferes seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). A claimant's "day-to-day functioning may be seriously limited when [her] impairment(s) limits only one activity or when the interactive and cumulative effects of [her] impairment(s) limit several activities." *Id.*

[2] An "extreme" limitation is defined as one which "interferes very seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3).

wrong, and what is acceptable and unacceptable behavior. You should begin to demonstrate consistent control over your behavior, and you should be able to avoid behaviors that are unsafe or otherwise not good for you. You should begin to imitate more of the behavior of adults you know.

20 C.F.R. §§ 416.926a(k)(2)(iv).

The ALJ determined that R.H. "has no limitation in the ability to care for himself." (PageID.62). The ALJ's analysis supporting this conclusion consists of a single sentence: "The claimant['s] mother reported that he could perform personal care independently (Ex. 12E)."

This statement is simply not accurate. Exhibit 12E, referenced by the ALJ, is a report completed by Plaintiff concerning R.H.'s activities. (PageID.228-35). A close reading of this report reveals that Plaintiff did, in fact, report that R.H. experienced difficulty caring for himself as that term is defined above. (PageID.228-35). The ALJ apparently agrees with this assessment because, as noted below, the ALJ cited this very same exhibit to support the conclusion that R.H. "has difficulty completing his school assignments and requires additional supervision for his home chores." (PageID.60).

The ALJ's reasoning is also woefully insufficient. While the ALJ is not obligated to address every item of evidence in the record, he is required to "articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Connour v. Barnhart*, 42 Fed. Appx. 823, 828 (6th Cir., July 23, 2002) (citation omitted). Despite the fact that this particular domain concerns a variety of behaviors and skills, the ALJ failed to address the evidence in any meaningful way and instead simply asserted a conclusion based upon an inaccurate assessment of a single piece of evidence. In sum, the ALJ's conclusion that R.H. experiences no limitation in this domain of functioning is not supported by substantial evidence.

7

B.      Attending and Completing Tasks

The domain of attending and completing tasks refers to "how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them."  20 C.F.R. § 416.926a(h).  With respect the skills a child should possess in this particular domain, the regulations provide as follows:

> (iv) School-age children (age 6 to attainment of age 12).  When you are of school age, you should be able to focus your attention in a variety of situations in order to follow directions, remember and organize your school materials, and complete classroom and homework assignments. You should be able to concentrate on details and not make careless mistakes in your work (beyond what would be expected in other children your age who do not have impairments). You should be able to change your activities or routines without distracting yourself or others, and stay on task and in place when appropriate.  You should be able to sustain your attention well enough to participate in group sports, read by yourself, and complete family chores.  You should also be able to complete a transition task (e.g., be ready for the school bus, change clothes after gym, change classrooms) without extra reminders and accommodation.

20 C.F.R. §§ 416.926a(h)(2)(iv).

Examples of limitations with respect to this domain include: (1) You are easily startled, distracted, or overreactive to sounds, sights, movements, or touch; (2) You are slow to focus on, or fail to complete activities of interest to you, e.g., games or art projects; (3) You repeatedly become sidetracked from your activities or you frequently interrupt others; (4) You are easily frustrated and give up on tasks, including ones you are capable of completing; and (5) You require extra supervision to keep you engaged in an activity.  20 C.F.R. §§ 416.926a(h)(3)(i)-(v).

The ALJ concluded that R.H. experienced less than marked limitations in this particular domain.  (PageID.59-60).  Specifically, the ALJ stated the following:

> The claimant has problems focusing and concentrating for extended periods.  He also has difficulty completing his school assignments and requires additional supervision for his home chores (Exs 12E & 13E).  However, the claimant is able to focus sufficiently to achieve adequate grades and avoid the need for special services at his school.  He testified that he takes his bike apart and successfully puts it back together.  The claimant's limitations in this domain are not marked.

(PageID.60).

In reaching this conclusion, the ALJ noted only two items of evidence neither of which are cited as support for the ALJ's conclusion.  The ALJ's analysis in support of his conclusion, consists of two sentences neither of which are supported by citation to the record.  Moreover, the ALJ offers no explanation or analysis how the evidence to which he cites supports his conclusion.  Simply put, the ALJ has failed to meaningfully discuss the evidence or articulate a rationale for his conclusion that can be assessed by this Court.  Accordingly, the Court finds that the ALJ's conclusion that R.H. experiences less than marked limitation in this domain of functioning is not supported by substantial evidence.

C.      Interacting and Relating to Others

The domain of interacting and relating to others considers "how well you initiate and sustain emotional connections with others, develop and use the language of your community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others."  20 C.F.R. § 416.926a(i).  Regarding this domain, the regulations provide as follows:

> (iv) School-age children (age 6 to attainment of age 12).  When you enter school, you should be able to develop more lasting friendships with children who are your age.  You should begin to understand how to work in groups to create projects and solve problems.  You should

9

> have an increasing ability to understand another's point of view and
> to tolerate differences.  You should be well able to talk to people of
> all ages, to share ideas, tell stories, and to speak in a manner that both
> familiar and unfamiliar listeners readily understand.

20 C.F.R. §§ 416.926a(i)(2)(iv).

The ALJ concluded that R.H. experienced less than marked limitations in this particular domain.  (PageID.60-61).  Specifically, the ALJ stated the following:

> The claimant has some issues with anger and has difficulty making
> and keeping friends (Exs 10F & 13E).  However, he is able to get
> along adequately with his teachers, at least to allow his grades to
> remain high.  The claimant did not have significant problems
> interacting with his healthcare providers, and was able to interact
> with David Cashbaugh, Jr., M.A., who performed a consultive
> examination of the claimant and observed no negative behaviors (Ex.
> 5F/5).  The claimant has limitations in his ability to interact with
> others, but these limitations are not marked.

(PageID.61).

The ALJ's analysis suffers from the same shortcomings identified immediately above.  The ALJ has failed to meaningfully discuss the evidence or sufficiently articulate a basis for his conclusion.  Accordingly, the Court finds that the ALJ's conclusion that R.H. experiences less than marked limitation in this domain of functioning is not supported by substantial evidence.

**II.        Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, R.H. can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013).  This latter requirement is satisfied

"where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of R.H.'s claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that he is disabled. Accordingly, this matter must be remanded for further administrative action.

<u>**CONCLUSION**</u>

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.

Date:  August 5, 2016

                                         /s/ Ellen S. Carmody
                                        ELLEN S. CARMODY
                                        United States Magistrate Judge

11